I concur for the following reasons: The plaintiff and the defendants claim under conflicting rights from the United States. The plaintiff's chain of title runs back to a patent by the government to the Southern Pacific Railroad Company. That patent was void, but by the act of Congress of March 2, 1896 (29 U.S. Stats. 42), the title of any bona fide purchaser for value from the Railroad Company *Page 754 
was confirmed to him. This act was in effect a grant tobona fide purchasers for value of such portions of the land as they had purchased from the Railroad Company. All other lands covered by the patent were public lands open to entry.
The defendants claim under entry upon the particular lands in question here as public lands open to entry, the entry being made in 1910. No question is made but that if these lands were in fact public lands when entry was so made, the entry was valid and the defendants have the superior right. It is evident that whether or not they were public lands open to entry turns on whether or not at that time the title or claim of title of the Railroad Company had come into the hands of a bona fide
purchaser for value. The plaintiff purchased subsequently, so that whether he purchased for value or not is immaterial. Unless some predecessor of his in his chain of title prior to 1910 was a bona fide purchaser for value, the lands were public lands when the defendants' entry was made. The burden of showing this rested on the plaintiff. No evidence whatever was introduced upon the point, unless the deeds of mesne conveyance from the Railroad Company down may be so considered. They each recite a consideration, and a consideration would also be presumed for the purpose of supporting them. But, as the main opinion states, neither the presumption for that limited purpose nor a recital of consideration can operate to prove that the grantees were bona fide purchasers for value. The result is that it must be held that the lands were public lands open to entry at the time of the entry under which the defendants claim, and that the plaintiff has no interest therein.
Shaw, J., concurred.
Rehearing denied.
All the Justices concurred *Page 755